*In re* MARRIAGE OF STEPHEN A. CRAIG, Petitioner-Appellant, and STEPHANIE J. CRAIG, Respondent-Appellee.

Fourth District   No. 4—01—0583

Opinion filed January 24, 2002.

Richard M. Kash, Jr., of Fruin, Garst & Kash, of Paris, for appellant.

E. Robert Anderson, of Kreckman & Anderson, of Paris, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

On June 12, 2000, the trial court entered a judgment dissolving the marriage between petitioner, Stephen A. Craig, and respondent, Stephanie J. Craig, and on March 19, 2001, a judgment on the remaining issues of dissolution of marriage, granting custody of Roman Andrew Lynn Craig, born August 23, 1995, to Stephanie and awarding the marital residence to Stephanie. Stephen appeals, arguing that the trial court erred in (1) granting custody of Roman to Stephanie and (2) awarding the marital residence to Stephanie. We affirm.

The record reflects that the trial court heard testimony over the course of four days, November 8, 2000, November 9, 2000, February 8, 2001, and February 9, 2001, and from over 25 witnesses. Stephen and Stephanie met in August 1992 and began living together in December 1992. Their son, Roman, was born on August 23, 1995. The parties married in July 1997 and separated in March 2000. The trial court entered a judgment dissolving the marriage between Stephen and Stephanie on June 12, 2000.

Stephen is 32 years old and employed by the Department of Corrections, Danville, Illinois, and also as a naval reservist. Stephanie is 26 years old and operates a day care center, licensed by the Depart-

ment of Children and Family Services, in the marital home. Although both parties have participated in Roman's care, Stephanie has served as the primary caregiver of Roman since his birth.

Various witnesses testified as to incidents of inappropriate conduct exhibited by Stephanie. The parties are well aware of the evidence presented and it need not be set forth in detail.

On March 19, 2001, the trial court entered a judgment on remaining issues of dissolution of marriage, granting custody of Roman to Stephanie and awarding the marital residence to Stephanie. This appeal followed.

■ Stephen argues that the trial court erred in granting custody of Roman to Stephanie. The determination of child custody rests largely within the broad discretion of the trial court and its decision at trial will not be disturbed on appeal unless it is against the manifest weight of the evidence or unless the trial court abused its discretion. *In re Marriage of Apperson*, 215 Ill. App. 3d 378, 383, 574 N.E.2d 1257, 1260-61 (1991). Great deference must be accorded to that decision since the trial court is in a superior position to judge the credibility of witnesses and determine the needs of the child. *Apperson*, 215 Ill. App. 3d at 383, 574 N.E.2d at 1261.

■ Section 602 of the Illinois Marriage and Dissolution of Marriage Act (Dissolution Act) (750 ILCS 5/101 through 802 (West 1998)) provides that the trial court "shall determine custody in accordance with the best interest of the child" and "shall consider all relevant factors" set forth in section 602. 750 ILCS 5/602(a) (West 1998).

The court shall not consider conduct of a present or proposed custodian that does not affect her relationship to the child. 750 ILCS 5/602(b) (West 1998); *In re Marriage of Phillips*, 244 Ill. App. 3d 577, 583, 615 N.E.2d 1165, 1171 (1993). Although it is improper for a court to presume harm to a child based on the parents' allegedly immoral conduct, evidence bearing on the stability of the child's environment is obviously relevant. *Phillips*, 244 Ill. App. 3d at 583-84, 615 N.E.2d at 1171. Stephen argues that "it is a combination of the conduct involving the exhibitionism and sexual behavior and the current living arrangement which establishes the lack of stability which Roman needs in his life."

■ In a decision letter to counsel, prepared February 15, 2001, the trial court referenced the various factors identified in section 602 of the Dissolution Act and noted its consideration of each of the factors in the instant case. The trial court noted the "great amount of evidence *** presented to the court on Stephanie's moral indiscretions." The trial court observed that most of Stephen's testimony involved the "moral indiscretions" of Stephanie. Stephen offered little

testimony about "his interaction and interrelationship with Roman and his desire to spend quality time with Roman." Further, the trial court found Stephen's reaction to Stephanie's behavior "troubling." The trial court opined:

"[E]vents that may have otherwise been forgotten have been publicized and emphasized by [Stephen]. Not only has [Stephen] displayed the incriminating photographs of [Stephanie] to family members, he also published them to others in the community *** and in the presence of Roman."

The trial court found that Stephanie had established a willingness and an ability to facilitate and encourage a close and continuing relationship between Roman and his father. Although the trial court did not condone Stephanie's behaviors, the trial court found that "these moral indiscretions do not affect [Stephanie's] relationship with Roman."

We do not find the trial court's grant of custody to Stephanie to be an abuse of discretion. As we stated in *Apperson,* in custody cases, seldom is either parent shown to be perfect. *Apperson,* 215 Ill. App. 3d at 383, 574 N.E.2d at 1261. We do agree with the trial court that the conduct that Stephanie has chosen to engage in is "troubling" and demonstrates "a deficiency in the maturity and sensibility expected of parents as role models to their children."

■ Stephen suggests, in the alternative, a modification of the visitation schedule. Stephen argues that the visitation schedule is not in Roman's best interest and that, under the temporary order, Stephen enjoyed visitation with Roman each week, from Thursday evening to Sunday afternoon. We note that Stephen does not work on Thursday and Friday. The trial court ordered that Stephen:

"shall have the following specified rights of visitation:

(1) Beginning on Wednesday, February 21, 2001, and every other Wednesday thereafter, from 4:00 p.m. to 8:00 p.m.

(2) Beginning on Wednesday, February 28, 2001, and every other Wednesday thereafter, from 4:00 p.m. to Friday at 8:00 p.m.

(3) Beginning on Friday, February 23, 2001, and every other weekend thereafter, from 4:00 p.m. on Friday to 8:00 p.m. on Sunday.

(4) Petitioner may have other visitation, if the parties so agree."

Further, the trial court provided for holiday visitation and summer visitation.

This court will not disturb a trial court's decision regarding visitation unless the decision was against the manifest weight of the evidence, manifestly unjust, or there was a clear abuse of discretion. *Stockton v. Oldenburg,* 305 Ill. App. 3d 897, 906, 713 N.E.2d 259, 266 (1999). The order provides for Stephanie to retain custody of Roman.

over some weekends, days that Stephen is required to work. We do not find the trial court's decision to be against the manifest weight of the evidence, manifestly unjust, or a clear abuse of discretion.

■ Stephen next argues that the trial court erred in awarding the marital residence to Stephanie. Stephen asserts that he should be awarded custody of Roman and "the home that Roman grew up with." Stephen contends that Stephanie is not able to maintain the home. A court shall divide the marital property without regard to marital misconduct in just proportions, considering all relevant factors, including the desirability of awarding the family home to the spouse having custody of the children. 750 ILCS 5/503(d)(5), (d)(9) (West 1998). We do not find that the trial court erred in awarding the marital residence to Stephanie, given that she was awarded custody of Roman. Moreover, Stephanie operates a day care facility, licensed by the Department of Children and Family Services, from the home, garnering necessary familial income while providing for Roman's needs.

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

COOK and TURNER, JJ., concur.